## ERB vs. PERKINS.

1. REPLEVIN: *Action against assignee of bankrupt.*

   An action of replevin against an assignee in bankruptcy for wrongfully detaining the plaintiff's goods in his possession, cannot be maintained, unless he has given to the defendant twenty days' notice of the action as required by sec. 5056, of the Revised Statutes of the United States. (Sec. 14 Bankrupt Act). *Aliter* where the action is for taking from the plaintiff's possession. In such case the assignee is a mere trespasser, and this act does not apply.

2. PLEADING:

   The common law rule that matter in abatement is waived by pleading in bar, is not the rule under the Code, but both may be pleaded in separate paragraphs in the same answer.

3. SAME:

   The averment in the answer of an assignee in bankruptcy that he has no knowledge or information sufficient to form a belief of the plaintiff's title, is sufficient to put the plaintiff on proof of his title.

APPEAL from *Sebastian* Circuit Court.

Hon. W. W. MANSFIELD, Circuit Judge.

*Erb*, for appellant.

ENGLISH, CH. J.:

On the 17th April, 1873, Newman Erb brought an action of replevin in the Circuit Court of Sebastian County, Fort Smith District, against Charles Perkins, for a lot of merchandize, a schedule of which was attached to and made part of the complaint.

The plaintiff alleged that he was the owner of the goods, and and that they were wrongfully detained by the defendant, etc.

A writ was issued, and upon the execution of a bond by the plaintiff, the sheriff took the goods from the possession of the defendant and delivered them to the plaintiff.

The defendant filed an answer containing two paragraphs, in substance as follows :

"*First*—That in the month of January, 1873, one Adolphus Erb was adjudged a bankrupt on the petition of his creditors,

by the District Court of the United States for the Western District of Arkansas, and on the 25th of March following, defendant was duly appointed assignee of said bankrupt, and qualified as such on the 29th of March. That the property mentioned in the plaintiff's complaint came to the hands of defendant as such assignee, and that he held the same as such assignee in bankruptcy, as part and parcel of the effects of said bankrupt at the time of the commencement of this writ; and that no notice of plaintiff's claim to said property, or to any part thereof, was given to him by plaintiff, or by any one for him, at any time before the commencement of this suit, twenty days before then."

"*Second*—That defendant held the property mentioned in the complaint at the time of the commencement of this suit as said assignee in bankruptcy of one Adolphus Erb, and that he has no knowledge or information sufficient to form a belief as to whether the said property belonged to said plaintiff or not. That defendant was duly appointed assignee in bankruptcy of one Adolphus Erb, who was adjudged a bankrupt on the petition of his creditors, by the United States District Court for the Western District of Arkansas, by the said court, wherefore defendant claims judgment for a return of said property or the value thereof."

The plaintiff entered a demurrer to each paragraph of the answer, which the court overruled.

Plaintiff failing to prosecute the suit further, judgment was rendered (March Term, 1876,) against him; a jury was empannelled who found the goods to be of the value of $204.83, and assessed defendant's damages for being deprived of the possession thereof at $30, and final judgment was rendered that plaintiff restore the goods to defendant or pay the value thereof, etc., and for the damages, etc.

Plaintiff appealed.

I. As to the first paragraph of the answer :

Sec. 5056 of the Revised Statutes of the United States (sec. 14 Bankrupt Act), provides that :

" No person shall be entitled to maintain an action against an assignee in bankruptcy for anything done by him as such assignee, without previously giving him twenty days' notice of such action, specifying the cause thereof, to the end that such assignee may have an opportunity of tendering amends, should he see fit to do so."

This section covers all the acts which the assignee honestly does in the discharge of the trust which the law casts upon him. Brump's Law and Practice of Bankruptcy, p. 550.

It does not apply to an action of replevin to recover property which the assignee took from the possession of the plaintiff, be-cause in such case he is a mere trespasser. *Leighton* v. *Harwood*, 111 Mass., 69.

Nor to a bill in chancery against the assignee to enjoin a judg-ment at law obtained by the bankrupt against plaintiff. 1 Tenn. Chancery, 526. In this case Chancellor Cooper said : " The very reading of the section shows that the section only applies when the suit is against the assignee 'for any thing done by him as such assignee.' The language necessarily implies an action for the wrongful act of the assignee himself, and this is rendered still plainer by the reason given for requiring the notice, namely, that he may have the opportunity of tendering amends for his wrongful act. Of course, the section can have no application to a bill in chancery to enjoin a judgment recovered by the bank-rupt by their fraudulent conduct, before the assignee had any thing to do with the business."

Mr. Blumenstiel in his work on the Law and Practice in Bankruptcy, remarking upon the above section of the Bankrupt Act, says, the object of the notice is stated in the section, to

enable the assignee to settle, if he sees fit, the controversy against him; and commenting on the case of *Leighton* v. *Harwood,* above cited, he says: " It was held that where the assignee took the property of a third person tortiously, he was not entitled to notice before the commencement of the action against him, for the wrongful taking. The property in this case was not in possession of the bankrupt at the time it was replevied, and no doubt, as intimated in that decision, if the assignee had recovered the property from the bankrupt, or had found it in his possession, no action could be maintained against him therefor, unless a prior notice of twenty days had been given ;" p. 237.

In *Rowe* v. *Page,* 54 New Hamp., 191, Page was sued in trover for the value of property which was in his possession as an assignee in bankruptcy, and which he sold after the plaintiff had demanded the property of him.

The court held that the action could not be maintained against him without notice before suit, under the above section of the bankrupt act, had he made the objection reasonable; but that want of such notice being matter in abatement, was waived by his pleading in bar.

In the case now before us, appellant did not allege in his complaint that appellee took the goods from his possession, or place him in the attitude of a mere trespasser, but simply alleged in substance, that he was the owner of the goods, that appellee was in possession of them, and wrongfully detained them.

The substance of the first paragraph of the answer of appellee is that the goods came into his hands as an assignee in bankruptcy, and that he held them as part of the estate of the bankrupt, and that no notice was given him before suit.

We think this was a valid defense to the action.

A bailee, guilty of no conversion, but holding the goods of the bailor, is entitled to demand before suit; and it is just as

reasonable that when goods come into the hands of an assignee as part of the estate of the bankrupt, and not by a tortious taking, he should have the notice required by the section of the bankrupt act in question, before suit is commenced against him for the goods.

Appellant submits, however, that the defense set up by the first paragraph of the answer, being a matter in abatement, (1 Tenn. Ch. R., 526,) was waived by the second paragraph, which was in bar.

By the common law system of pleading, matter in abatement was waived by pleading in bar, but such is not the rule under our Code system of pleading, (if it be lawful to call it a system,) but, on the contrary, in the same answer, matter in abatement and matter in bar of the action, may be pleaded in separate paragraphs. Gantt's Dig., sec. 4569, etc.

II. As to the second paragraph of the answer:

The second paragraph of the answer does not set up the failure to give notice before the suit, but has relation to the alleged title of apellant to the property. It is alleged, in substance, as in the first paragraph, that appellee held the goods as assignee in bankruptcy, and then stated that he had no knowledge or information sufficient to form a belief as to whether the property belonged to the appellant or not.

The appellee being in possession as assignee, this was sufficient, under the Code Practice, to put appellant on proof of his title. Gantt's Dig., sec. 4569, etc.; *McCurdy et al.* v. *Guynn et al.,* M. S.

The court below did not err in overruling the demurrer to the answer.

There is no further question in the case on this appeal.

If appellant was really the owner of the goods, he was unfortunate in not properly prosecuting his suit.

Affirmed.